## MISSOURI, K. & T. RY. CO. OF TEXAS v. HAYNES.

(Court of Civil Appeals of Texas. Jan. 28, 1911.)

CONSTITUTIONAL LAW (§ 46*)—DETERMINATION OF QUESTIONS — IMMATERIAL QUESTIONS.

Where a statutory penalty included in a judgment is remitted, the question of the constitutionality of the statute will not be considered on appeal.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 43; Dec. Dig. § 46.*]

Appeal from Rockwall County Court; H. M. Wade, Judge.

Action by Viola Haynes against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

T. B. Ridgell, for appellant. W. B. Wade, for appellee.

---

RAINEY, C. J. This is a suit by Viola Haynes against the railway company to recover the value of two mules killed and one set of harness destroyed by reason of appellant's train colliding with said mules at a crossing over said railway track; also to recover the statutory penalty of $20 attorney's fee. A trial resulted in favor of plaintiff for $360, amount of claim, and the $20 attorney's fee.

The appellant assigns error to the action of the court in allowing the penalty of $20 attorney's fee, .on the ground that the act providing the fee is unconstitutional. It is unnecessary for us to pass upon this contention, as appellee has filed in this court a remittitur of said fee.

No statement of facts accompanies the record, and the other assignments of error relate to the action of the court on matters which cannot be considered in the absence of a statement of facts, and the judgment will be reformed and affirmed for $360; cost of appeal to be taxed against appellee.